UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
LUIS A. BUEIZ,
             Debtor,
_____/

LISA E. GOCHA,
             Plaintiff,

                                                    No. 1:09-cv-331

-v-

                                                    HONORABLE PAUL L. MALONEY

HOSE ROSARIO,
             Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION WITHOUT OBJECTIONS

       This matter comes before the Court on a Report and Recommendation (Dkt. No. 1) filed by

the Honorable Scott W. Dales, United States Bankruptcy Judge.

       On October 28, 2008, Plaintiff Gocha, a bankruptcy trustee, filed a complaint to recover

property of an estate alleging Defendant Rosario owed the debtor, Luis Bueiz, $33,600.00.  The

Defendant failed to answer the complaint and the Clerk for the Bankruptcy Court entered and gave

notice of default.  The Plaintiff then filed a motion for default judgment.

       On April 6, 2009, Judge Dales issued this Report and Recommendation with the following

conclusions: (1) the complaint seeks to liquidate contract claims based upon a state-created right

formerly held by the Debtor, but now included in the property of the estate under 11 U.S.C. § 541;

(2) the claim falls outside the "core" jurisdiction of the Bankruptcy Court; (3) without the consent

of the parties, the claim may not be adjudicated by a non-Article III judge; and (4) the Bankruptcy

Court lacks jurisdiction to enter a final judgment in the action.  Judge Dales recommends granting

the motion and entering judgment in favor of Plaintiff in the amount of $33,600.00, plus costs in the

amount of $250.00 which represents the filing fee.

Bankruptcy judges may not enter a final order or judgment with respect to non-core proceedings and must instead submit proposed findings of fact and conclusions of law which the district court then reviews *de novo*. 28 U.S.C. § 157(c)(1). The Court looks for guidance in this situation to precedents governing Reports and Recommendations issued by federal magistrate judges. *Hagan v. Okony*, No. 1:08-cv-732, 2008 WL 4722747 (W.D. Mich. Oct. 22, 2008) (Maloney, C.J.). The similarities between the Federal Magistrate's Act, 28 U.S.C. § 636, and the Bankruptcy Code and Bankruptcy Rules provisions governing Reports and Recommendations justify turning to such precedents. *See In re Auto Specialties Mfg. Co.*, 153 B.R. 503, 505 (W.D. Mich. 1993) (Bell, J.)

Under the Federal Magistrate's Act, after being served with a Report and Recommendation, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Even though no review is required, the Court finds the findings, reasoning and

recommendations in Judge Dale's Report and Recommendation sound.  The Trustee is entitled to default judgment against Defendant Rosario.

Having reviewed the Report and Recommendation and having received no objections by Defendant Rosario, the Court **ADOPTS** the April 6, 2009 Report and Recommendation (Dkt. No. 1).

The reference of the trustee's complaint against the defendant to the U.S. Bankruptcy Court is **WITHDRAWN.**

The Clerk of the Court **SHALL ENTER DEFAULT JUDGMENT** against Defendant Rosario in the amount of $33,600, plus costs in the amount of $250 which represents the filing fee in this matter.

**THIS ACTION IS TERMINATED.**

**IT IS SO ORDERED.**

Date:   April 29, 2009                                    /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         Chief United States District Judge

3